IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN A. B.,[1]   )
              )
       Plaintiff,   )
              )
vs.           )   Civil No. 19-cv-1164-RJD[2]
              )
COMMISSIONER of SOCIAL SECURITY,   )
              )
       Defendant.   )

## **MEMORANDUM and ORDER**

**DALY, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the final agency decision denying his application for Supplemental Security Income (SSI) benefits pursuant to 42 U.S.C. § 423.

## **Procedural History**

Plaintiff applied for both Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits in December 2016, alleging a disability onset date of January 1, 2006. He later amended his alleged onset date to December 13, 2016, which was after his date last insured. The ALJ therefore dismissed the claim for DIB. After holding an evidentiary hearing, the ALJ denied the application in February 2019. (Tr. 12-22). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final agency decision subject to judicial review. Plaintiff exhausted administrative remedies and filed a timely complaint with this Court.

---

[1] Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. See, Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Docs. 8, 13.

## Issue Raised by Plaintiff

Plaintiff argues that the ALJ erred in failing to resolve conflicts between the testimony of the vocational expert (VE) and the *Dictionary of Occupational Titles*.

## Applicable Legal Standards

To qualify for SSI, a claimant must be disabled within the meaning of the applicable statutes.[3] Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

To determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 404.1520.

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

It is important to recognize that the scope of judicial review is limited. "The findings of the

---

[3] The statutes and regulations pertaining to Disability Insurance Benefits (DIB) are found at 42 U.S.C. § 423, et seq., and 20 C.F.R. pt. 404. The statutes and regulations pertaining to SSI are found at 42 U.S.C. §§ 1382 and 1382c, et seq., and 20 C.F.R. pt. 416. As is relevant to this case, the DIB and SSI statutes are identical. Furthermore, 20 C.F.R. § 416.925 detailing medical considerations relevant to an SSI claim, relies on 20 C.F.R. Pt. 404, Subpt. P, the DIB regulations. Most citations herein are to the DIB regulations out of convenience.

Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether Plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).   The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. See, *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

## The Decision of the ALJ

The ALJ followed the five-step analytical framework described above. He determined that Plaintiff had not worked at the level of substantial gainful activity since the alleged onset date. Plaintiff was born in 1977 and was 41 years old on the date of the ALJ's decision. The ALJ found that Plaintiff had severe impairments of lumbar degenerative disc disease status post L5-S1 surgical fusion, left shoulder degenerative joint disease, and history of right shoulder arthroscopic surgery.

The ALJ found that Plaintiff had the RFC to do sedentary work with physical limitations. Only the reaching limitation is in issue here. Plaintiff was limited to frequent reaching in all directions except overhead; overhead reaching was limited to only occasional.

Based on the testimony of a vocational expert, the ALJ found that Plaintiff was not able to do his past relevant work. However, he was able to do other jobs which exist in significant numbers in the national economy.

### **The Evidentiary Record**

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. The following summary of the record is directed to Plaintiff's arguments.

  1.     **Evidentiary Hearing**

Plaintiff was represented by an attorney at the evidentiary hearing.[4] (Tr. 31).

After plaintiff testified about his past work, symptoms, treatment, and daily activities, a VE testified. Counsel had no objections to her qualifications. (Tr. 64).

The VE testified that a person with plaintiff's RFC could do the jobs of document preparer (approximately 28,500 jobs in the national economy), pari-mutuel ticket taker (approximately 3,100 jobs), and charge account clerk (approximately 1,000 jobs). He could still do those jobs if he were limited to no overhead reaching at all. (Tr. 66-68).

The ALJ asked whether the VE's testimony was "consistent with" the DOT. The VE replied that it was, and that she "also supplemented." She explained that the ALJ had asked about some things that are not addressed by the DOT, such as a sit/stand option and employers' tolerances for taking breaks. The ALJ pointed out that the DOT does not "break down overhead reaching as opposed to reaching in other directions." The VE agreed and added that her testimony on that subject was derived from a combination of her experience and information contained in "the new occupational requirement survey." (Tr. 69-70).

On cross examination, Plaintiff's counsel asked questions only about where the VE had

---

[4] Plaintiff is represented by a different attorney in this Court.

4

gotten the job incidence numbers she testified to. (Tr. 70-71).

       **2.**       **VE's Resume**

The VE earned a Research Higher Degree (Rh.D.) in Rehabilitation from Southern Illinois University at Carbondale in 1993. She has worked as a Certified Rehabilitation Counselor and has served as a VE before the agency since 1995. She has also served as an Instructor, Assistant Professor, and Associate Professor at Southern Illinois University at Carbondale and other institutions. She has published numerous articles in professional journals and made numerous presentations at professional meetings. (Tr. 334-353).

## Analysis

Plaintiff's sole argument is that the ALJ failed to sufficiently identify and reconcile conflicts between the VE's testimony and the DOT.

Plaintiff argues that the VE's testimony conflicted with information in the DOT because the hypothetical question included a limitation that is not addressed by the DOT, the limitation to only occasional overhead reaching. He also argues that the VE's testimony conflicts with the DOT in that the DOT specifies that the job of pari-mutuel ticket taker requires constant reaching. He is correct about the DOT description of the pari-mutuel ticket taker job, but any error with respect to that job is harmless unless he prevails on his overall argument about overhead reaching, since eliminating only the pari-mutuel ticket taker job would still leave a significant number of jobs that he could perform. Therefore, further discussion of that point is not necessary.

As was noted above, at step five of the sequential analysis, if the claimant is not able to perform his past work, the Commissioner bears the burden of showing that he can perform other jobs that exist in significant numbers in the economy.

In making the step five determination, the ALJ generally relies on the DOT for information

5

about the typical characteristics of jobs as they exist in the economy.[5] An ALJ is required to take administrative notice of job information contained in various publications, including the DOT, published by the Department of Labor. See, 20 C.F.R. § 404.1566(d)(1). The ALJ often also relies on testimony from a VE to "supplement the information provided in the DOT by providing an impartial assessment of the types of occupations in which claimants can work and the availability of positions in such occupations." *Weatherbee v. Astrue*, 649 F.3d 565, 569 (7th Cir. 2011).

For each job title, the DOT specifies whether certain physical and mental activities are required, and, if so, the frequency with which they are required. The DOT does not, of course, speak to every possible aspect of the job title. The DOT does indicate how much reaching in general is required by a job, but, as the ALJ noted at the hearing, it does not specify whether a job requires reaching in any particular direction, including overhead.

When a VE testifies, the ALJ is required to ask the VE whether there are any conflicts between her testimony and the information in the DOT; if so, the ALJ must resolve those conflicts. *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008). The ALJ did ask the VE about conflicts here. The VE said that her testimony did not conflict, but it supplemented the DOT because the hypothetical question included topics not addressed by the DOT.

Plaintiff argues that VE testimony about a subject that is not addressed in the DOT constitutes a conflict. Defendant argues that it does not. The Court agrees with Defendant.

The Seventh Circuit has found a conflict requiring resolution where VE testimony contradicts the DOT on a topic addressed in the DOT (exertional level), but no conflict where the testimony was on a topic on which the DOT is silent (sit/stand option). *Collins v. Berryhill*, 743 F.

---

[5] The agency is developing a replacement for the DOT, referred to as the "Occupational Information System." This system will be the "primary source of occupational information SSA staff use in our disability adjudication process." The information will be available through an online platform called the Vocational Information Tool. The software for that platform is in development. See, www.ssa.gov/disabilityresearch/occupational_info_systems.html, visited on July 31, 2020.

App'x 21 (7th Cir. 2018); see also *Zblewski v. Astrue*, 302 F. App'x 488 (7th Cir. 2008). Although *Collins* and *Zblewski* are nonprecedential, this Court finds the reasoning of those cases to be persuasive.

The VE gave her professional opinion about a subject where the DOT is silent, the requirement for overhead reaching. Plaintiff does not argue that her opinion was incorrect. The ALJ was well aware that the DOT does not address how much overhead reaching a job requires. The VE's testimony filled a gap where the DOT was silent. Her testimony did not constitute a conflict, so there was nothing for the ALJ to resolve.

Plaintiff also criticizes the VE's testimony about job numbers, but he specifies that "does not seek to exclude the VE's opinions from the record." Rather, he seeks remand to allow the ALJ to develop the record and resolve conflicts with the DOT. (Doc. 12, p. 14).

Again, Plaintiff does not attack the substance of the VE's testimony about overhead reaching. Because there was no conflict between the VE's testimony and the DOT, there was nothing for the ALJ to resolve, and the ALJ did not err in accepting her testimony.

## Conclusion

After careful review of the record, the Court is convinced that the ALJ committed no errors of law, and that his findings are supported by substantial evidence. Accordingly, the final decision of the Commissioner of Social Security denying Plaintiff's application for disability benefits is **AFFIRMED**.

The Clerk of Court is directed to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

**DATE: August 7, 2020.**

*s/ Reona J. Daly*
**REONA J. DALY**
**U.S. MAGISTRATE JUDGE**